(45 Misc. Rep. 510.)

### NESBIT v. KNOWLTON-HALL CO. et al.

(Supreme Court, Special Term, New York County.   December, 1904.)

1. MORTGAGE—FORECLOSURE SALE—DEFAULT OF PURCHASER—RIGHT TO DEPOSIT.

Where, after foreclosure sale under a junior mortgage, the purchaser defaulted, the junior mortgagee is not entitled to have the deposit applied on his judgment, where he took no steps to fix the amount of the purchaser's liability before a sale under a senior mortgage.

2. SAME—JUNIOR MORTGAGE—CONTEMPT.

Where a junior mortgage is foreclosed, and a purchaser, after making the deposit, defaults, and the property is thereafter sold on a senior mortgage, the claim of the junior mortgagee to the deposit cannot be based on the supposed contempt of the purchaser, where no steps had been taken to charge him with contempt prior to sale under the senior mortgage.

3. SAME—RETURN OF DEPOSIT.

Where, on foreclosure of junior mortgage, the purchaser defaults, and before any steps are taken against him the property is sold under a senior mortgage, the deposit by the defaulting purchaser must be returned to him.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 1523, 1524.]

Action by Fred Thrope Nesbit against the Knowlton-Hall Company and others. Judgment of foreclosure and sale. Motions in reference to disposition of certain moneys in the hands of the referee appointed to make the sale denied as to plaintiff, and granted as to the purchaser.

Dulon & Roe, for plaintiff.
E. J. Myers, for J. D. Butler.

SCOTT, J. There are two motions in this action, both having reference to the disposition of certain moneys in the hands of the referee heretofore appointed to sell herein. On June 30, 1904, a judgment of foreclosure and sale was entered in this action, and on the same day a similar judgment was entered in another action against

the same defendant, in which John E. Shaw and another were plaintiffs. The mortgage foreclosed in this latter action was a lien on the mortgaged premises subordinate and subject to the lien of the mortgage foreclosed in this action. The amount found due to the plaintiff in this action for principal, interest, and costs was $10,806.77. The mortgage foreclosed in this action was itself subordinate to a first mortgage for $110,000. It was also subordinate to all the rights and interests of one John P. Leo under an agreement he had with the Knowlton-Hall Company, whereby said Leo was to have the absolute possession, occupation, and dominion of the mortgaged premises until the amount due or to become due to him under said agreement for the completion of the building on the mortgaged premises should be paid. He was thus, in effect, a mortgagee in possession for a sum said to have amounted to upwards of $40,000. The referee advertised the property separately under both judgments for sale on the same day and hour, and undertook to sell on that day under both judgments. By his advertisement in this action he offered the property subject to the first mortgage, and to the rights and interests of Leo under his contract; referring to the record of said agreement, but giving no intimation, approximate or definite, as to the amount due or claimed to be due to Leo under that contract. By his advertisement in the Shaw action the referee offered the property subject to the aforementioned liens or charges, and also subject to the judgment in this action. Upon the sale one Jacob D. Butler purchased the property for $11,750—sufficient to pay the judgment in this action, with interest and costs of sale—and paid to the referee 10 per cent. of his bid, or $1,175. August 6th was fixed as the date for closing the sale, but neither on that day, nor on any other, did Butler complete his purchase, or offer to do so. A motion was made by the referee to compel Butler to complete, but before it could be decided, and on August 31, 1904, the property was sold under the first mortgage. The motion to compel Butler to complete was consequently never decided, and nothing more was done in this action until the present motions were made; one being by Nesbit, the plaintiff herein, asking that the 10 per cent. paid to the referee by Butler be paid over to him (Nesbit) in part payment of his judgment, and the other being by Butler, asking that the 10 per cent. be paid to him.

If it had not been for Butler's apparent default in completing his purchase, or, in other words, if the property had been sold under the first mortgage before the date on which Butler was required to complete his purchase, there can be no doubt that he would be entitled to a return of his deposit, for it would then have been impossible for the referee to convey to him what he had bought. Nesbit's claim to the money must therefore rest in some way upon Butler's default in completing his purchase upon the day fixed. It is attempted to base this claim upon Butler's supposed contempt in not so completing. Undoubtedly a purchaser at a judicial sale, who, without just cause, refuses to complete his purchase, may be compelled by summary proceedings either to complete, or to pay damages for his failure to do so. But before he can be punished as for a contempt, certain preliminaries must be observed to fix his liability. Either one of two courses may

be pursued. He may be required by order to complete his purchase according to his bid, and upon such a motion he may present any reason why the order should not be made. No such motion was made in this action, for the sufficient reason that the foreclosure sale under the first mortgage had rendered a completion of the purchase impossible. The second remedy is to resell the property, and require the purchaser to pay the difference between his bid and that at which the property is sold on the second sale. Such a resale must be made upon the same conditions as the original sale (Ray v. Adams, 44 App. Div. 174, 60 N. Y. Supp. 663; Riggs v. Pursell, 74 N. Y. 370), for, unless it is so made, it is impossible to determine the damages resulting from the purchaser's default. It was obviously impossible, after the sale under the first mortgage, to sell the property under the judgment in this action at all, or, if at all, under the same conditions under which it had previously been sold. In the face of such impossibility, it cannot be said with any degree of certainty that the damage caused by Butler's failure to complete his purchase amounted to the sum deposited by him on the day of the sale, or to any other definite and precise sum. Non constat, if the property could have been resold under the same conditions which governed the first sale, it might have brought as much as, or more than, Butler bid for it. It may be that Butler could have successfully resisted any attempt to compel him to complete the sale, for there seems to have been certain irregularities in its conduct, of which, as purchaser, he might reasonably have complained. The attempt to sell at the same time under two judgments does not seem to have been well considered, but probably a purchaser would have no standing to object.

A more serious objection is to be found in the reference, in the terms of sale, to the Leo claim. Section 1678 of the Code provides that "if the property, or any part thereof, is to be sold subject to the right of dower, charge or lien, that fact must be declared at the time of the sale." The property was advertised to be sold subject to the Leo agreement, which, as has been said, had the effect of making Leo a mortgagee in possession until his claim should be paid out of the rents collected; and, although that claim proves to have been a very large one, no statement was made in the terms of sale as to even its approximate amount, so that a purchaser buying the property subject to that agreement had no means of judging from the terms of sale what liability he was assuming. It may be that Butler, owing to his relation to the property, did know, but equally it may be that he did not. To sum up the situation as it impresses me, the money, when paid to the referee, was Butler's pending the completion of the purchase. The proper steps were never taken either to compel him to complete, or to fix his liability for noncompletion; and they could not be taken, because of the sale under the first mortgage. Consequently the money remained Butler's property, and, as no steps have been taken or can be taken to fix his liability for his failure to complete on the day appointed, no basis is afforded to mulct him by way of a fine for his contempt. Rowley v. Feldman, 66 App. Div. 463, 73 N. Y. Supp. 385. I can discover no principle upon which I should be justified in ordering the referee to pay over Butler's money to

Nesbit, for, even if I could in this proceeding punish Butler for contempt, it is impracticable to do so, because the damage, if any, resulting from his failure to complete the purchase, cannot be determined.

It follows that the plaintiff's motion must be denied, with $10 costs to be paid to Butler, and that the purchaser's motion that the amount of his deposit, less the referee's fees and expenses, be returned to him, must be granted.

Ordered accordingly.